UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL JOHNSTON,

    Plaintiff,

v.               CAUSE NO. 3:20-CV-78-DRL-MGG

KASSY DUNCAN,

    Defendant.

OPINION AND ORDER

Michael Johnston, a prisoner without a lawyer, filed a complaint alleging that Kassy Duncan has refused to provide him with religious materials and services. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnston arrived at the Miami County Jail on December 12, 2019. On December 16, 2019, he asked Kassy Duncan for a prayer rug, prayer oils, and a kufi. He was given a towel that was falling apart. On January 6, 2020, he again asked for a prayer rug and kufi. He was given another towel – this one stained. He further alleges that he is being denied religious services without reason. He alleges that his requests are being denied because, in 2018, he filed a grievance against an officer at the jail after he made an inappropriate comment to Mr. Johnston.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate

penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). In determining whether an asserted justification is rationally related to a legitimate penological objective, courts consider whether there are alternative means of exercising the right that remain open to the inmate; the impact an accommodation of the asserted right would have on guards and other inmates; and whether there are "obvious alternatives" to the restriction, thus demonstrating that the restriction is an exaggerated response to penological concerns. *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009).

Inmates are entitled to broader religious protection under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). "RLUIPA's substantial burden inquiry robustly supports inmate religious practice[.]" *Jones v. Carter*, 915 F.3d 1147, 1150 (7th Cir. 2019). While RLUIPA's protections are broad, it does not authorize an award of money damages. *See Sossamon v. Texas*, 563 U.S. 277, 285 (2011).[1]

Giving Mr. Johnston the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, the allegation that Kassy Duncan denied Mr. Johnston a prayer rug, prayer oils, a

---

[1] Mr. Johnston also alleges that he was denied access to religious materials and services in retaliation for his having filed a grievance against one of Kassy Duncan's officers in 2018, in violation of his Free Speech Clause of the First Amendment. However, proceeding on different constitutional theories based on the same facts is redundant. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of Williams's substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim."); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (Analyzing allegations under the most "explicit source[s] of constitutional protection."). Here, the most explicit constitutional protection is the Free Exercise Clause of the First Amendment.

2

kufi, and access to religious services without a legitimate reason since December 16, 2019, states a claim under both RLUIPA and the First Amendment. *See Ortiz*, 561 F.3d at 669-70 (inmate stated claim based on his allegation that prison denied him religious articles without adequate penological justification).

For these reasons, the court:

(1) GRANTS Michael S. Johnston leave to proceed against Kassy Duncan in her individual capacity for compensatory and punitive damages for denying Mr. Johnston's requests for a prayer rug, prayer oils, a kufi, and religious services since December 16, 2019, in retaliation for filing lawsuits, in violation of the First Amendment;

(2) GRANTS Michael S. Johnson leave to proceed against Kassy Duncan in her official capacity for injunctive relief pertaining to his request for a prayer rug, prayer oils, a kufi, and religious services unless their prohibition is justified, in accordance with the First Amendment and RLUIPA;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Kassy Duncan at the Miami County Sheriff's Department with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Kassy Duncan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 27, 2020         *s/ Damon R. Leichty*
                                                             Judge, United States District Court